**NORTHWEST PAPER CORPORATION, a Washington corporation, Plaintiff-Appellant,**

**v.**

**Darrow THOMPSON and Stanley Thompson, individuals, Defendants-Appellees.**

**No. 23899.**

United States Court of Appeals Ninth Circuit.

Dec. 22, 1969.

**138**

Robert A. Jensen, Walter Cheifetz, John P. Frank, of Lewis, Roca, Beauchamp & Linton, Phoenix, Ariz., Carlton J. Peterson, of Stephens, Jones, LaFever & Smith, Los Angeles, Cal., for appellant.

Roger W. Perry, Loren W. Counce, Jr., of Snell & Wilmer, Phoenix, Ariz., for appellee.

Before MERRILL and CARTER, Circuit Judges, and JAMESON, District Judge.*

PER CURIAM:

Northwest Paper Corporation brought suit alleging that it had suffered damages when appellees induced it to sell shares of the stock of Thompson Industries, Inc. to appellees by means and under circumstances that violate the Securities Exchange Act of 1934, 15 U.S. C. 78j, and Rule 10b–5 promulgated under that Act, 17 C.F.R. 240 (Cum.Supp.). Appellant claims that appellees made certain critical statements upon which appellant's officers relied in reaching a decision to sell the stock; that such statements were made without revealing additional facts which were necessary in order to place the statements in proper context.

The District Court rendered summary judgment for appellees. The appeal presents the question whether this constituted error for the reason that disputes of fact remained for trial.

■■ In granting judgment the District Court ruled that all items of information specified by appellant as withheld from it were, as matter of law, immaterial and would not have been relied on by reasonable men. The recognized test of materiality of a fact in this respect is whether "its existence or nonexistence is a matter to which a reasonable man would attach importance in determining his choice of action in the transaction in question." Restatement of the Law, Torts, § 538(2) (a). *See* SEC v. Texas Gulf Sulphur Co., 401 F.2d 833, 848–849 (2d Cir. 1968); Myzel v. Fields, 386 F.2d 718, 735 (8th Cir. 1967), cert. denied, 390 U.S. 951, 88 S.Ct. 1043, 19 L.Ed.2d 1143 (1968); List v. Fashion Park, Inc., 340 F.2d 457, 463, 22 A.L.R.3d 782 (2d Cir.), cert. denied, 382 U.S. 811, 86 S.Ct. 23, 15 L.Ed.2d 60 (1965).

To take such an issue from the jury in the ordinary case would unquestionably invite reversal. *See* Rogen v. Ilikon Corp., 361 F.2d 260, 265 (1st Cir. 1966). Here, however, the District Court in memorandum has meticulously analyzed each specified item of withheld information from the point of materiality and reliance. From that analysis we are

---

* Honorable William J. Jameson, United States District Judge for the District of Montana, sitting by designation.

satisfied that the court's ruling was not error.

We conclude that reasonable minds could not differ on the proposition that a reasonable man in the position of the plaintiff, with the plaintiff's factual knowledge, would have attached no importance to the undisclosed items of information.

Judgment affirmed.