Frederick H. HOPE, Plaintiff-Appellant,

v.

HAYDEN–STONE, INC., H. S. Equities, Inc., et al., Defendants-Appellees.

No. 72–2779

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 22, 1972.

Rehearing Denied Jan. 10, 1973.

Walter N. Colbath, Jr., West Palm Beach, Fla., for plaintiff-appellant.

Stanley Arthur Beiley, Miami, Fla., for Equities & Sincere.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

In 1969 Frederick H. Hope purchased 500 shares of Allen Electric & Equipment Company stock through a margin account with H. S. Equities, Inc. The price of the stock decreased sharply thereafter and these shares were liquidated when Hope's account dropped below margin requirements. Hope then filed this action and urged that Equities' broker-agent, David Sincere, had induced Hope to purchase and to retain this stock by making representations concerning insider or preferred information with respect to Allen Electric. The trial court found that none of these representations were preferential in nature and granted Equities' and Sincere's motion for dismissal under Fed.R.Civ.P. 41 (b). We affirm.

For the purposes of this appeal Hope's principal contention is that the legal characterization of Sincere's statements was erroneous. The trial court found that during Hope's discussions with Sincere about purchasing stock, Sincere rec-

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

ommended Allen Electric; he buttressed this suggestion by telling Hope that Sincere's father was on the board of directors of Allen Electric, was the personal stockbroker of the president of that company, and owned stock in the company. According to Hope, Sincere had mentioned a possible forthcoming corporate acquisition involving Allen Electric, which was to boost the price of the stock. Hope then purchased 500 shares of Allen Electric stock. After the stock began to decline in value Sincere urged Hope to retain it and made additional references to his father's relationship with Allen Electric.

A careful review of the record reveals that Hope received no material information that was untrue,[1] or that was not a matter of public record, such as to constitute a device, scheme, artifice to defraud, etc., in violation of section 17 of the Securities Act of 1933, 15 U.S.C.A. § 77q, or in violation of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78j(b), or Rule 10b-5, 17 C. F.R. § 240.10b-5, promulgated thereunder. Hope's stated belief that he was receiving inside information is not controlling. *Cf.* Northwest Paper Corp. v. Thompson, 9 Cir. 1969, 421 F.2d 137. In short, the trial court was correct in holding that Hope had not received any insider or preferred information and that he had not proved any violation of the securities laws.[2]

The trial court also rejected Hope's argument that Equities had wrongfully sold some other stock in his margin account to cover the loss on Allen Electric. Because we have concluded that the dealings in the Allen Electric stock were lawful, any liability arising out of the transactions in the other stock would have to be based on an independent violation of the securities laws. None was asserted in the trial court or on appeal and, therefore, the sale of this other stock has not been shown to be unlawful.

Hope's final contention that the trial court abused its discretion by restricting him in the presentation of his case finds no support in the record and is without merit.

Affirmed.

---

1. It became apparent at the trial that Sincere's representations about his father being on Allen Electric's board of directors were incorrect because he in fact had just resigned from the board. There was no showing, however, that this discrepancy was material when taken with all the surrounding circumstances.

2. Because we have found that no improper information was passed, we find it unnecessary to decide: (1) whether Hope, as a "tippee," could have recovered if he in fact had reecived such information, *see* Kuehnert v. Texstar Corp., 5 Cir. 1969, 412 F.2d 700; and (2) whether there can be civil liability under the securities laws for statements made which result in a stockholder retaining his shares, *see* Herpich v. Wallace, 5 Cir. 1970, 430 F.2d 792; Stockwell v. Reynolds & Co., S.D.N.Y.1965, 252 F.Supp. 215.